Filed 9/21/20  P. v. Osoy CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B297335 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA472448) |
| v. | |
| JAMES STEVE OSOY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kristi Lousteau, Judge.  Affirmed.

James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

James Steve Osoy appeals from the judgment following his negotiated no contest plea to possession for sale of a controlled substance. He challenges the denial of his motion to suppress evidence (Pen. Code, § 1538.5). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Incident*

On the afternoon of October 24, 2018 Los Angeles Police Officer Enrique Trujillo saw a car partially parked in a marked disabled parking space without a disabled parking license plate or placard. Osoy was seated in the driver's seat, with a male in the front passenger seat. As Trujillo approached the driver's side of the car, he could smell "an odor of cannabis being emitted from the vehicle." He requested Osoy and the passenger to step out of the car. Trujillo noticed an open toiletry bag on the floorboard, partially concealed under the driver's seat. Trujillo could see what appeared to be small plastic bags containing a white crystalline substance inside the toiletry bag. Trujillo asked Osoy and passenger if there was "dope" in the car. Osoy said no, but the passenger said there was "wax," which Trujillo understood as street vernacular for "concentrated cannabis." Trujillo searched the car, seized the toiletry bag, and found the cannabis in a passenger door compartment. The toiletry bag contained 15 to 20 small plastic bags with a white crystalline substance that appeared to be methamphetamine. According to Officer Trujillo, methamphetamine was commonly sold and ingested in the area where the car was illegally parked. Officer Trujillo did not see any objects in the car that the occupants could have used to ingest methamphetamine.

2

Officer Trujillo advised Osoy of his right to remain silent, to the presence of an attorney, and, if indigent, to appointed counsel (*Miranda v. Arizona* (1966) 384 U.S. 436). Osoy waived his rights and agreed to speak with Officer Trujillo. Osoy admitted the toiletry bag and its contents belonged to him. Officer Trujillo spoke with Osoy again at the police station. Osoy admitted the small plastic bags contained methamphetamine, and he was selling each bag for $20.

B. *Osoy's Motion To Suppress, Information, Plea, and Sentencing*

At the preliminary hearing, Osoy moved to suppress the evidence obtained from Officer Trujillo's search. Officer Truillo testified at the hearing. Osoy's attorney did not challenge the parking violation, instead arguing the smell of marijuana did not justify the detention of Osoy or search of his car. The prosecutor responded the detention and search were justified by Officer Trujillo's observation of the baggies with the white crystalline substance resembling methamphetamine on the floorboard of the vehicle, that the area was known for being a location where methamphetamine was commonly sold, and Officer Trujillo did not observe any objects the occupants could use to ingest methamphetamine. The trial court denied the motion without providing an explanation. After the court held Osoy to answer, the People filed an information charging Osoy with one count of possession for sale of methamphetamine in violation of Health and Safety Code section 11378.

On March 4, 2019 Osoy agreed to plead no contest to possession for sale of methamphetamine. The prosecutor advised Osoy that in return Osoy's sentence would be suspended and he

would be placed on three years of formal probation on the condition he complete 200 hours of CalTrans work to be completed within seven months.  The prosecutor indicated that if Osoy did not complete his probation, the People would request the court to impose a 16-month sentence in county jail.  The trial court advised Osoy of his constitutional rights and the nature and consequences of the plea, which Osoy stated he understood.  The court found Osoy's waivers and plea were voluntary, knowing, and intelligent and there was a factual basis for the plea.

On March 22, 2019, in accordance with the plea agreement, the trial court suspended imposition of sentence and placed Osoy on three years of formal probation on condition he complete 200 hours of CalTrans work within seven months.  The court advised Osoy that if he did not complete the CalTrans work and comply with the terms of probation, the People intended to request imposition of the 16-month sentence.  The court imposed statutory fines, fees, and assessments pending an ability-to-pay hearing.

Osoy filed a timely notice of appeal, in which he checked the preprinted box indicating his appeal was based on "the denial of a motion to suppress evidence under Penal Code section 1538.5."  Osoy did not request a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Osoy on appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.  On February 7, 2020 we advised Osoy he

had 30 days within which to submit any contentions or issues he wished us to consider. We have not received a response.

"'In reviewing a trial court's ruling on a motion to suppress evidence, we defer to that court's factual findings, express or implied, if they are supported by substantial evidence. [Citation.] We exercise our independent judgment in determining whether, on the facts presented, the search or seizure was reasonable under the Fourth Amendment. . . .'" (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 592; accord, *People v. Suff* (2014) 58 Cal.4th 1013, 1053.)

The Fourth Amendment prohibits unreasonable searches and seizures. (U.S. Const., 4th Amend.; *People v. Camacho* (2000) 23 Cal.4th 824, 830-831.) A defendant may move to suppress evidence on the ground "[t]he search or seizure without a warrant was unreasonable." (Pen. Code, § 1538.5, subd. (a)(1)(A).) "A warrantless search is presumed to be unreasonable, and the prosecution bears the burden of demonstrating a legal justification for the search." (*People v. Suff, supra*, 58 Cal.4th at p. 1053; accord, *People v. Johnson* (2018) 21 Cal.App.5th 1026, 1032.) "The automobile exception provides 'police who have probable cause to believe a lawfully stopped vehicle contains evidence of criminal activity or contraband may conduct a warrantless search of any area of the vehicle in which the evidence might be found.'" (*People v. McGee* (2020) 53 Cal.App.5th 796, 801; accord, *Johnson*, at p. 1034 ["Under the so-called automobile exception officers may search a vehicle without a warrant if it 'is readily mobile and probable cause exists to believe it contains contraband' or evidence of criminal activity."]; see *Collins v. Virginia* (2018) __ U.S. __ [138 S.Ct. 1663, 1670] ["When these justifications for the

5

automobile exception 'come into play,' officers may search an automobile without having obtained a warrant so long as they have probable cause to do so."].)  Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found."  (*Ornelas v. United States* (1996) 517 U.S. 690, 696; accord, *People v. Lee* (2019) 40 Cal.App.5th 853, 862.)

Although the trial court did not articulate its reasons for denying the motion to suppress, we defer to the court's implied factual finding that, as Officer Trujillo testified, he observed on the floorboard of the car plastic baggies with a white crystalline substance resembling methamphetamine, the area in which the car was parked was known for the sale and ingestion of methamphetamine, and he observed no objects in the vehicle the occupants could use to ingest methamphetamine.  On these facts, Officer Trujillo had probable cause to believe the vehicle contained evidence of criminal activity (sale of methamphetamine) to support the warrantless search. (*Collins v. Virginia, supra*, __ U.S. at p. __ [138 S.Ct. at p. 1670]; *People v. McGee, supra*, 53 Cal.App.5th at p. 801.)

We have examined the record and are satisfied Osoy's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.